UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS JONES,

                         Plaintiff,

v.                                          Civil Action No:

HOUSLANGER & ASSOCIATES, PLLC and
PALISADES COLLECTION, LLC.,

                         Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Douglas Jones is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Palisades Acquisition XVI, LLC, ("Palisades") is a foreign limited liability company organized and existing under the laws of the State of New Jersey and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Palisades Acquisition XVI, LLC regularly attempts to collect debts alleged to be due another.

7. Defendant, Houslanger & Associates, PLLC ("Houslanger") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant, Houslanger & Associates, PLLC regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

11. That at all relevant time herein, Houslanger acted as agent-in-fact for Palisades, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff allegedly incurred a debt to Household Bank This debt will be referred to as the "subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. Plaintiff allegedly defaulted on the subject debt.

15. That the subject debt was allegedly assigned to Great Seneca Financial Corp. after Plaintiff's alleged default.

16. That on or about May 20, 2005, Great Seneca Financial Corp. (hereinafter "GSF") filed a lawsuit in Buffalo City Court against the Plaintiff for the alleged subject debt.

17. That Plaintiff was never aware of this lawsuit because he was not served at the correct address for which he resided.

18. That on or about July 13, 2005, the above referenced action was reduced to a judgment against the Plaintiff.

19. That in or about June 15, 2015, Defendant Palisades hired Defendant Houslanger to collect on the subject debt.

20. That on or about June 26, 2018 Defendant Houslanger served an income execution regarding the judgment taken against Plaintiff by Great GSF on Plaintiff. This Income

2

execution bore the original judgment caption (i.e. Great Seneca Financial Corp. v. Douglas W. Jones) but the income execution states that the current creditor is Defedant Palisades.

21. That Defendant Houslanger served this income execution with the intent that it would be served on Plaintiff's employer, if not satisfied in fully within 20 days.

22. That on or about July 26, 2018 the Erie County Sheriff forwarded the income execution to Katz Americas, an entity Defendants listed as Plaintiff's employer, along with instructions as to how the income execution would proceed.

23. In response, Plaintiff sent Defendant Houslanger a request for verification of the Judgment/debt.

24. That on or about July 31, 2018, Defendant Houslanger sent a letter purporting to verify the debt. The letter attached a copy of the judgment taken against Plaintiff by Great Seneca Financial Corp. and indicated that Palisades was the current creditor.

25. That upon information and belief, there is not an assignment of judgment filed with either the Erie County Clerk's Office or Buffalo City Court assigning the judgment from Great Seneca Financial Corp. to Palisades.

26. That at no point was any notice from Great Seneca Financial Corp. sent to Plaintiff notifying him of the alleged assignment of his judgment from GSF to Palisades.

27. That the afore-mentioned income execution sent to Plaintiff's employer was improper as Defendant Palisades is not the judgment creditor for the matter filed by Great Seneca Financial Corp. in Buffalo City Court against the Plaintiff.

28. That Defendant Palisades had no legal right to restrain and garnish Plaintiff's wages.

29. At all times relevant herein, Houslanger & Associates was Palisades's agent-in-fact.

30. That as a result of Defendants' acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

31. That, as a result of Defendant's acts Plaintiff suffered actual monetary damages as a result of the improper income execution.

## V. CAUSE OF ACTION

32. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above.

3

continuing to enforce income execution proceedings, without any legal right to do so because:

    a. Great Seneca Financial never provided Plaintiff notice of the purported assignments establishing Palisade's chain of title regarding the judgment taken against Plaintiff by GSF. Without such notice, Defendants had no right to initiate and enforce post judgment remedies against Plaintiff.

    b. Defendants did not possess sufficient documentation to demonstrate that they had standing to enforce the judgment taken against Plaintiff by GSF.

33. That Defendant Palisades is vicariously liable for the tortious acts of Defendant Houslanger described herein pursuant to the laws of agency and otherwise.

34. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 25, 2019

Seth Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com
khiller@kennethhiller.com

4